Good morning, Your Honor. It's Katherine Olson on behalf of Defendant Appellant Mandarich Law Group. May it please the Court. The main issue on appeal in this case is whether the District Court committed reversible error when it granted plaintiffs' motion for partial summary judgment and denied defendants' cross motion for summary judgment. I argue today that such error occurred as a result of the District Court's failure to consider, or rather adequately consider, numerous meritorious defenses raised by a defendant. What's your strongest defense? I'm sorry? What was your strongest defense? I believe the strongest defense was the statute of limitations as it applied to the FDCPA claim. Next, I'd probably say re judicata. Okay, so the statute of limitations on the federal claim is one year, and on the state claim is, I think, four years? Is that right? So the statute of limitations, to take that one up, that's just the federal side? Exactly. Okay, and the District Court decided that there were a couple of garnishments, one was fully completed and one was attempted, I think, that both occurred within one year of filing. So why was he wrong about that, please? I didn't catch the two points that you were saying. Sorry, I think the District Court decided that the statute of limitations argument was not successful because at least two acts occurred, the two garnishments, within one year of filing the complaint. Why was he wrong about that? Those two acts were discrete and independent acts, and they were actually filed as independent violations of the FDCPA and the state law. So this wasn't a continuing violation situation, and the Ninth Circuit hasn't even decided whether continuing violation theory even applies to FDCPA claims, but even considering that it might apply to FDCPA claims, this is not the type of case where it would, because obtaining a judgment and garnishing wages are discrete and independent acts. But even if only the last garnishments were within the year, there's still a violation, right? The plaintiff waived and abandoned the garnishment claims, both at summary judgment and trial. So I don't even consider those wage garnishment arguments as a separate violation to even be pending at that time before the District Court or here on appeal. I don't think it's proper to raise them here on appeal when they've already been abandoned. Oh, wait a minute. I'm sorry, but I'm trying to follow you. You started by saying we're looking at the summary judgment ruling, and at summary judgment they sure hadn't. That's what the judge relied upon. Yes, and I believe that was an error because the plaintiff never raised the wage garnishment claims as a – how should I put this? The plaintiff did not raise the wage garnishment violations on his motion for summary judgment. He only moved for summary judgment on the misrepresentation and notice claims. Again, he alleged the garnishment as separate violations. So I think the only way the District Court could have found that they were within the statute of limitations is to find a continuing violation theory. But I don't believe that applies. What's your second strongest defense? I believe Rejudicata barred the claims at issue in this case. Rejudicata bars both claims that were filed and those that could have been filed. Right, and I appreciate that point. But before you get there, the District Court dismissed that claim because it wasn't – Rejudicata wasn't included as an affirmative defense in your answer, right? That is true. One of the basis that the District Court denied the defense is because it wasn't pled as an affirmative defense. But as we pointed out, the defense was raised for the first time only 12 days after the answer was filed as part of a motion for judgment. But you have to – made an abuse of discretion standard, right? It is a discretion standard. And here I think the District Court abused its discretion because it failed to consider the prejudice element. And the Ninth Circuit has been pretty lenient, luckily for us, with pleading the defense for the first time in a motion for judgment on the pleadings and a motion for summary judgment. I think those cases are where the District Courts have allowed the defense to go forward. In this situation, our District Court judge here was just enforcing the rule. The judge was, but I think the Ninth Circuit has been pretty clear that absent prejudice to the plaintiff, the defense should be allowed to be raised. And the District Court never even addressed the prejudice argument. And I think that's the problem and where the failure to adequately exercise discretion was shown. Okay, I think that's your best shot there. So let's talk about if you get to the merits of race judicata. I appreciate that the comment – I guess it's a ruling. It was maybe belt and suspenders when the judge said that those claims in state court are different from these. And you, of course, weren't arguing – I appreciate that. You weren't arguing that that defense was actually litigated, that these claims are actually litigated in state court and should be barred for that reason. And as you just indicated, your theory was that they could have been and weren't. And so race judicata bars the claims for that reason. But I don't think you've got any authority that I found persuasive, if I can just focus you on that, for circumstances where a default has been obtained without the debtor knowing that the state court action is occurring and then having race judicata bar the federal claims. I know. It's a little interesting because the – It's downright cheeky. I mean, it really does seem to be standing the doctrine on its head. There are some cases that you cite for sure, I think in Maryland, right? But in those cases, it seems to be that the debtor was served and was involved in the state court case and then dropped out and default judgment was entered. That's really different than a circumstance where the debtor doesn't know that the state court action is pending. And I just want to give you every fair chance to respond because I was not convinced. I appreciate that. I believe at least one of the cases we cited was a failure to give notice of the default judgment, so it would have been exactly similar to the situation here. That's a case that miscites an earlier Maryland case, but I know which one you mean. Okay. The ability to raise the notice issue and the misrepresentation existed at the time the judgment was entered because it is simultaneous. When they filed the motion for default judgment, they had the lack of notice and they had the misrepresentation. So prior to the judgment being entered, any argument that they failed to follow procedure or made misrepresentations existed before the judgment was entered. Now, I understand. The judgment about which they didn't know? The judgment what? About which they didn't know? About which they didn't know. I'm having a little trouble getting my head around this. So, you know, they also had a million other claims they could have brought, except they didn't know about it. So how do you get over just the pure logic and fairness problems here? I understand, and I was going to address that point. I think the proper procedure would have been to file a motion to vacate under the rules. There were two avenues by which. If they want to then reopen the state court judgment and bring the defenses there? Yes. That's what they would have had to do. They would have had to get over Rule 60. I agree. As opposed to us saying no fair, trying to write employee-raised judicata in this way where the claims were not actually litigated, but the debtor didn't have notice. And in that sense, you have to show that they could have been litigated over there, right? That's the theory you rely upon. They could have been litigated. And now I think all three of us have raised how could they have litigated them if they didn't know the state court proceeding was pending. Could you answer that, please? And unfortunately, we just disagree on the answer there, because my answer is that I think they needed to raise it as part of a motion to vacate. And I understand your position. Okay, so I'm interrupting you, but I get that part, so forgive me for interrupting. But I don't know the answer to this. Do you have authority for that, where a state court has required the 60B? I'm sorry, where a federal court has required a 60B? Not in Washington. I don't have a specific case, I believe, for something that, for I guess the similar circumstances here in Washington. Okay. Could I shift your attention to the state claim, please? Address the state claim? I wonder if I could shift your attention to the you make a separate argument that they didn't show actual damages or that the court's ruling there on actual damages for purposes of the state claim was in error. Could you address that? Yes. So one of the issues, I guess, is that no more than what was legally owed was ever garnished, and that's the damages that the court awarded. And I say that because, again, I believe, and if you disagree with me, it's not going to be very persuasive. Well, I haven't been shy, so go ahead. But absent vacating the judgment, the judgment was lawful. So when they moved on to the garnishment, which, again, I believe is an independent and discreet act, they weren't requesting or even obtaining more than they were lawfully able to do. Okay. So my hypothetical is going to be that the default judgment wasn't lawful. It's a hypothetical. Okay. But I am trying to figure out on the state actual damages provision whether there's an error there because it's a little hard for me to figure out. The measure of damages that the district court used is plain. He thought that the first garnishment is $1,468 and some odd cents. He measured that as the actual damages, right? Yes. Okay. And then he troubled it. But forget the troubling for a minute. I'm just trying to get to the actual damages. Is it your position? Your briefs talk past each other when you say that no more than what was owed was ever garnished. Opposing counsel takes a different view, right? Yes. Well, then I guess if I were to assume opposing counsel's view right now, opposing counsel is arguing that because the judgment was unlawful, you couldn't have garnished anything. I think even if you accepted that to be true, you also have to consider the fact that the plaintiff acknowledged and admitted that this debt was owed and was even willing to enter into a stipulated judgment. Well, and he paid part of it, which is one of the problems they've got. They say, hey, you got a default judgment and didn't give him credit for the payments he made. But it seems to me that he does also admit that at the time his credit card was expired, he still owed about $1,000. That's not the right number, but about $1,000. About $1,000. So the debt wasn't fully paid. Yes. So I think even if you argued that, yes, this was unlawful, so the fruit of the poisonous tree, which is what the district court and opposing counsel has mentioned, because he acknowledged owing about $1,000 left, regardless of whether there was a judgment, if you, you know, removed the attorney's fees, the costs and the interest, he admitted to owing $1,000. So I don't think it was proper to include that as part of the damages. At most, it might have been $400, let's estimate. Well, it's kind of tough to estimate, though, and we don't estimate. That's what I'm trying to figure out. Where does the obligation to pay interest come from? Did the district court decide that there was a binding oral agreement, or what happened there? I believe it was statutory interest by law, so 12%. No, no, no, that's different. That's once you get to the debt, to the default judgment. Yes. There was no prejudgment interest. The court didn't find any, but what I'm trying to get at is, I'm going back one step earlier, forgive me. You two talked past each other about how much was owed, right? And so you got a default judgment for the amount of the full amount, and you conceded that was an error. Yes. The full amount without giving him credit for payments, right? Yes. And he's still, okay. Then there was a garnishment for, it's $1,468 something. And your view is that at least $1,000 of that was owed? Still owed as part of the principal amount. So not an actual damage? So I don't believe it's actual damage. I'm trying to figure out what your view is of what actual damage should have been awarded and then troubled. What's the most the judge could have entered? I argue zero, because I believe that there's- Yeah, but you lost that part of my hypothetical. So I believe there could be no more than was owed on the principal. So if it started out at $3,400, he made $1,000 in payments, this is off than the real facts. There's $2,400 more on the principal than he would owe, and that should have been the actual damages. So whatever was still owed on the principal amount that was entered, I think at most that's as much that could be entered as actual. Have you calculated that by any chance? The exact number? I could probably do it during my rebuttal time if you would like, but- Thank you for your patience with my questions. Good morning. Jason Anderson on behalf of the appellee, Thomas Weinstein. I will-well, was intending on addressing the statute of limitations arguments first, but I was also made aware of the Supreme Court's decision today in Rakitsky, if that's how it's pronounced. And I believe, after having read it in the Uber on the way here, that the discovery rule- Well, it was a short opinion. Yeah, it was easy to read, I suppose. The discovery rule doesn't have an application any longer, so I was actually intending to address that aspect of the case. I realize that's not really briefed or anything since it just happened today, but even absent a discovery rule, even if one had never existed, I would say that Mr. Weinstein would still prevail in this case. I confess I don't know the answer and I haven't had time to research how that would work here because my understanding is that Mandridge did not ever challenge the validity of the discovery rule. That wasn't really an issue in this case or on appeal. I think that, as I understood the argument from Mandridge, is that this is not a continuing violation, which is a different question from the discovery rule, and that these were independent garnishments and therefore you can't sweep everything in. So what is your view on that? I'm not sure if it's possible to take the view that both of them are true at the same time, but I'm also, I mean, part of the problem with what happened here to my client is he made this agreement way back in time to pay what he owed, and there never should have been a judgment. At the bare minimum, he should have had notice, but for that improper action, there wouldn't have been Then you wouldn't have had the rolling. Exactly. So it's sort of a void, ab initio issue on those points, as far as you're concerned. In many respects, yes, although I understand under state law, I think that makes it voidable and not void. Right, voidable. Although there's still a no-notice component to that, so I'm actually not entirely clear whether that's been determined by the Washington Supreme Court. It seems like the garnishments were a violation separately because they misrepresented the amount due. They didn't give your client credit for the payments that he'd made. I believe the garnishments themselves gave credit for payments. The default judgment didn't give your client credit. Both the judgments did not. Well, okay. Well, I mean, just trying to give credit to Mandridge where due, I think the garnishments themselves had a line item that credited amounts previously paid, but the wrongful act was representing that my client owed more than the $3,020. I have a difficult time separating those two things. I'm sorry. I may have a hard time understanding the nuance of the question, Your Honor. It's okay. It's okay. I don't think I asked it very well. Go right ahead. Okay. Did you take any action to, I mean, I guess I'm trying to figure out is the judgment, do you accept the judgment is valid because it was never challenged, or are you claiming that it was void? I think it's voidable. I think that's what. Okay. But you never took the action to void it? Correct. That's correct. And you expressly said in your briefing you're not asking us to do that. Correct. Here, certainly. Correct. All right. So they had a right to garnish. I suppose that's a. . . If they had a judgment that hadn't been voided. So I guess I'm trying to get to where's your damage? Where's the actual damages? Okay. I understand the court's question. I suppose it seems in some ways like splitting hairs that it was not contrary to any court rule to issue a wage garnishment at that moment in time because a judgment existed. I totally understand and accept that. What's false and misleading about that is that my client had an agreement with Mandarich to pay $3,000, not $3,400, not $6,000, not any other number. He had that agreement. Oral agreement? Certainly. Because he never signed. You're speaking now of an oral agreement. Correct, Your Honor. Okay. And I believe that's what the district court found in this case as well, that there was an agreement that he would pay that amount. So the damage is the amount that was garnished above what he owed? That's one argument, Your Honor. I would say it's all of it because if there's an agreement that he would pay the amount owed, the agreement did not include a covert judgment getting obtained behind his back. When he was sued, when my client was sued, the case was not filed, which is permitted in Washington, of course. So he couldn't have even filed an answer if he wanted to. The agreement was that your client was going to continue to make the monthly payments. That was, Your Honor. And at some point he stopped making the monthly payments. Correct. But didn't they sue him, proceed with the default judgment, before he had stopped? That's correct, Your Honor. So before he was still in compliance and they went forward and sued. Yes. Correct, Your Honor. And even if my client had fallen out of compliance at some point before they had taken these actions, before Mandarich had taken these actions, the agreement was that he would pay them. So I suppose they could have either modified the lawsuit to amend to include that cause of action, sued him on breach of contract. But there's no universe where Mandarich would be allowed to then covertly, without telling my client, file the case and get a default judgment and then just start garnishing. I think that's right. But I'm trying to figure out the universe in which the amount your client still owed becomes an actual damage. The $1,100 or whatever it is, it's a little over $1,000 that he hadn't paid yet. Well, I suppose I would characterize it in the manner in which it was taken. So maybe as a different example, Your Honor, if we assume that there was no judgment at all, if I owe $1,000 to somebody and there's no judgment and someone garnishes my bank account, I still owe the money. That's true. But the manner in which it happened was totally contrary to law. That's a problem. Well, so what's the solution? I guess to get to the one issue that bothers me is that the damages awarded were on the entire amount garnished. But we do know he still had money owing, correct? Correct. So why wouldn't you recalculate that to figure out a reduction in those damages? I mean, I understand that there is some nature of an offset there, Your Honor. Right, but the district court kind of gave him, I understand what appears to be the total bamboozlement of your client with respect to the filing of a lawsuit. But now we get to the end of the story. And the question is, who owes whom what? So the district court said, well, you get the whole amount of the garnishment as your damages, but he still has his debt out there. So why wouldn't that be offset against the garnishment amount? Perhaps it would, Your Honor. I would still say that it's, I would say the entire amount. When you say it would, should we send it back to the court to figure that out? I should have led with the other point, Your Honor, which is that in my hypothetical, which maybe isn't a good one, but if I owe. Well, let's just start with no hypotheticals and an answer to my question, which is we still have this amount he owes. Nobody disputes, I don't know, maybe they dispute the specific amount given the timing, but there's the amount he owes. Why shouldn't we let the district court reconfigure its damages calculation given the debt that's out there? Because he never should have been garnished. That was not the agreement. So it's not a matter of whether the judgment was. . . But, counsel, hold on. Right there. Under the federal statute, there's a $1,000 penalty. Under the federal statute, there's an availability of emotional distress damages. Under the state statute, it's a different deal. And that's the question we're really aiming at. Under the Consumer Protection Act, there has to be actual damages. Oh, okay. Right? Injury, I believe, is the term that's used. So what have you got? Okay. So, A, there's the amount, regardless of whether the garnishment was proper or improper. My client had an agreement to pay $3,028, I believe it was. So not $3,400, not $3,300, but $3,000. . . I'm ballparking here. I think it's $3,028. So that was the agreement. That's what he owed. And more than that means more than was allowed. Period. That's it. So no amount of covert judgments mean that it transmogrifies into some other debt that he now owes that he didn't know about. That's not how that works. I think, in addition, for state law purposes, so what constitutes injury, which, again, can be confusing, Your Honor, because it is distinct from damages. I think Washington case law, which is at my fingertips, says that it's distinct from what would be recoverable damages necessarily. But as I think I said in my brief, it's kind of along the peppercorn theory that you just need to show some injury, whether compensated ultimately or not. So loss of goodwill has been held by the Washington. . . What is your client's injury? My client's injury is, one, the amounts taken from him above and beyond what he owed. What he owed pursuant to the oral agreement. Certainly.  Second would be the. . . So that's an injury to property then under the Washington state statute. Business or property, correct, yes. Second would be the loss of use of his funds during the second garnishment, which, again, no matter how transitory the injury or fleeting, any economic injury at all to someone is recognized in Washington as an injury. So whether or not Mr. Weinstein ultimately asked the trial court to award him, you know, 25 cents or however much interest would be in having his wages garnished briefly and then returned, that is absolutely a compensable injury under Washington law. And the last thing is that on numerous occasions my client testified that he incurred expenses in meeting with legal counsel to determine his legal rights and responsibilities. That is distinct. But the district court didn't award those damages. That's correct. It awarded one amount, which is, what is it, 1468. It's the first garnishment, right? That's correct, Your Honor. Okay. I'm not aware of any case law that says that a particular injury to business or property must ultimately be that which is sought and recovered. I think what the district court awarded was correct because the manner in which it was taken was contrary to the agreement. Even if it wasn't, the amount beyond which he owed was still an injury to business or property. And I think the district court surmised that that was sufficient. But as this court can also affirm on any basis in the record, the record is replete with examples of the second wage garnishment happening, and it's just simply a matter of fact that when someone doesn't have money, that's an injury to business or property in Washington. And my client testified on numerous occasions that he did incur expenses meeting with counsel, and I realize that these all seem like small pittance technicalities, you know, $5 here and $12 there or whatever. But in Washington, that's how the statute's been interpreted, which is injury to business. So are there any statutory damages here? Under the Washington Collection Agency Act? No, Your Honor. And what about attorney's fees? That's a mandatory provision pursuant to the Consumer Protection Act through which the law – Correct. Yes. And that is that – that's not on appeal or hasn't been addressed? I'm not sure I understand, Your Honor. Has attorney's fees been addressed here? On appeal? No, in the district court. There was a fee application made in the district court awarded attorney's fees that that order was not appealed by Mandarich. Right, that was my question. I'm sorry, Your Honor. Yeah, sorry. No, that has not been appealed by Mandarich in this case. Arguably, that means it's not before this court either. I realize there are ways that that could probably be altered, but at present, no, that's not an issue before this court. Okay. So, yes, state law and federal law are both fee-shifting statutes that are mandatory in this case. As to the race judicata arguments, unless the Court had other questions about the statute of limitations. There is not. All right. I'm sorry for my inelegant presentation of that argument. On the race judicata issue, I would want to bring to this Court's attention something that I found yesterday in my last-minute research. I guess just less than two weeks ago in Anglin v. Merchants Credit, there was an unpublished decision of this Court, which just simply reaffirms the same arguments that I've been making in the briefs, which is that. Just for future reference, when you, everyone does, of course, prepare at the last minute or just before argument, if you find something, the appropriate form is to submit a 28-J letter so both the Court and the counsel know what's at issue. I was wary of the propriety of doing so for an unpublished case, Your Honor. I understand that. Well, unpublished cases can be cited for persuasive value, but if you were worried about a 28-J letter, it doesn't seem to be bothering you that you're telling us about it here. Well, my understanding, again, maybe it's perhaps too nuanced. I read the rules. I'm just giving you some suggestion for downstream practice in the Ninth Circuit. I appreciate the advice. I appreciate your advice, Your Honor. This is the first time I've been before the Ninth Circuit. I understand. And I do appreciate the guidance. Thank you. My reading of 28-J is that it had to be actually binding authority, but maybe that's not right. So, anyway, I was a little torn on that, and I, you know, anyway. If you had filed a 28-J letter, it would have said what? I'm trying to get at your point. There's an unpublished case that you want to cite for what persuasive authority, please? It's simply more persuasive authority to the fact that res judicata does not apply to a debt collector getting a default judgment that someone doesn't know about and is simply more of the same. Which is the argument you've made in your brief. Exactly. It's just more of the same, Your Honor. Thank you. Thank you very much, Your Honor. Thank you. Your Honor, I did the quick math. So, I believe that the principal balance and all parties agree was $3,028.05. And then plaintiff was garnished, and between what he was garnished and what he paid prior to the garnishment, that totaled $3,319.69, leaving a difference of $291.64. Which, again, I argue that there was no actual damages. There was no injury to business or property at all. But to the extent this Court were to disagree with that argument, I believe the most that could have been awarded was $291.64.  His position is that his client was obligated to pay the amount agreed upon in the oral agreement. So, you're giving this delta is the difference between the oral agreement amount and the amount actually, I'll say, collected by your client. Is that right? By Mandridge. Yes. The difference between the oral agreement, which was the balance, and what was paid and garnished. Got it. So, your view, I think, is that that's the amount that could have been trebled. The most, yes. If more was garnished than what he owed, how could that not be an injury to? Because, again, I think it goes back to whether or not the judgment was void. I argue that it wasn't void because the state court had jurisdiction, both subject matter and personal jurisdiction. So, if the judgment was not void, it was, therefore, valid. And that's where I think re judicata comes into play. Because I think the biggest issue here is that by finding that the creditor was entitled to the amount claimed, the district court necessarily determined that the representations and the motion for default judgment were accurate in the requisite notice provided. You mean the representation that was made to the court about that he had not appeared? Was that the representation? That's a little bit different. That he did not appear would depend on whether or not he did, in fact, appear, which there is a disagreement between the parties as to that. I think the misrepresentation I'm referring to is the balance owed. I see. So the court necessarily made a determination on that issue as well as notice because the court, by rule, was not allowed to enter a default judgment if more than a year had passed and adequate notice had not been provided. But adequate notice wasn't provided. I'm sorry? Notice wasn't provided. No, and it's true. Notice wasn't provided, but the district court even made that error by failing to catch that, the same error that Mandrich Law Group failed to make. So to conclude. No, it's the judge's fault that your client didn't get proper notice? Is that what you're saying? No, I am not blaming the district court. I'm just saying that's how sometimes these things can get missed, and I think that goes to the bona fide error defense that, you know, sometimes it's reasonable to miss something like that. Thank you. Thank you. Thank you both for the argument. Case of Weinstein v. Mandrich Law Group is submitted and we're adjourned.
judges: McKeown, Christen, Harpool